**UNITED STATES DISTRICT COURT**  
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 20-3290-JFW(Ex)**                                    Date:  June 24, 2020

Title:    Phu Phung -v- FCA US, LLC, et al.

---

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
    None                                                                                          None

**PROCEEDINGS (IN CHAMBERS):**     ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [filed 5/28/2020; Docket No. 26]

    On May 28, 2020, Plaintiff Phu Phung ("Plaintiff") filed a Motion to Remand.  On June 8, 2020, Defendant FCA US LLC ("FCA") filed its Opposition.  On June 15, 2020, Plaintiff filed a Reply.  On June 18, 2020, the parties each filed supplemental declarations.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for June 29, 2020 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, reply, and supplemental papers, and the arguments therein, the Court rules as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

    On February 26, 2020, Plaintiff filed a Complaint against Defendants FCA and Browning Dodge Chrysler Jeep Ram ("Browning DCJR") (collectively, "Defendants") in Los Angeles County Superior Court, alleging claims for relief for breach of implied and express warranty under California's Song-Beverly Consumer Warranty Act, fraud by omission, and negligent repair.  The negligent repair claim was the only claim alleged against Browning DCJR in the original Complaint.  On April 1, 2020, Plaintiff filed a First Amended Complaint, adding a claim for relief against Browning DCJR for violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

    FCA was served with the Complaint on March 9, 2020, but was not served with the First Amended Compliant prior to filing its Notice of Removal.  On April 8, 2020, FCA filed a Notice of Removal, alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) and that Browning DCJR was fraudulently joined.

After this action was removed, on April 23, 2020, Plaintiff filed a Second Amended Complaint, adding a claim against FCA for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*.

Plaintiff moves to remand, arguing in relevant part that: (1) Browning DCJR was not fraudulently joined (and thus the parties are not completely diverse); and (2) FCA has failed to demonstrate the amount in controversy exceeds $50,000 as required for federal question jurisdiction under the Magnuson-Moss Warranty Act.

## II.   LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III.  DISCUSSION

### A.   This Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. Because FCA has not met its burden of demonstrating that the parties are completely diverse, this Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Although both Plaintiff and Defendant Browning DCJR are citizens of California, FCA alleged in its Notice of Removal that Defendant Browning DCJR had been fraudulently joined, and, thus, its presence in this action should be ignored. "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494

F.3d 1203, 1206 (9th Cir. 2007). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in state defendant. *See Plute*, 141 F. Supp. 2d at 1008. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.*

The Court concludes that FCA has failed to demonstrate, under the settled case law of California, that there is no possibility that Plaintiff can state a claim against Defendant Browning DCJR for negligent repair. *See, e.g., Sabicer v. Ford Motor Company*, 362 F. Supp. 3d 837 (C.D. Cal. 2019) (granting motion for remand and finding that the economic loss rule did not necessarily bar the plaintiffs' negligent repair claim against the dealership); *Lytle v. Ford Motor Co.*, 2018 WL 4793800, at *2 (E.D. Cal. Oct. 2, 2018) ("California law is not so settled that a plaintiff could not possibly recover against a dealership for negligent repair of a vehicle"); *Gallardo v. FCA US, LLC*, 2020 WL 1650754, at *2 (C.D. Cal. Apr. 3, 2020) ("[T]he Notice of Removal fails to address the growing body of case law recognizing that local dealerships can be liable to plaintiffs who assert negligent repair claims."). Moreover, in FCA's Opposition to Plaintiff's Motion to Remand, FCA fails to even address the issue of fraudulent joinder, apparently abandoning FCA's original grounds for removal of this action.

Accordingly, FCA has failed to meet its burden of demonstrating that Defendant Browning DCJR has been fraudulently joined, and thus that the parties are completely diverse. Accordingly, the Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

### B.     This Court lacks federal question jurisdiction pursuant to 28 U.S.C. § 1331

In its Opposition to Plaintiff's Motion to Remand, FCA argues that it is "immaterial" and "irrelevant" whether there is complete diversity because the Court now has federal question jurisdiction based on Plaintiff's claim in his Second Amended Complaint for violation of the Maguson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* This federal claim for relief, however, was added by Plaintiff *after* FCA filed its Notice of Removal. A post-removal amendment that adds a federal claim does not cure a lack subject matter jurisdiction at the time of removal. As the Ninth Circuit held *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 10062 (9th Cir. 1979):

> Although the sixth cause of action, filed in federal court after removal, did state a federal question which would have justified removal had it been alleged in the state court prior to removal, this does not confer removal jurisdiction on the federal court. In determining the existence of removal jurisdiction based on federal question, we must look to the complaint as of the time the removal petition was filed.

592 F.2d at 1065. *See also Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1117 (9th Cir. 2002) ("[T]he fact that Abada amended his complaint to include a federal claim is of no significance with regard to removal jurisdiction."); *Montelongo-Morales v. Driscoll*, 354 F. Supp. 3d 1005, 1008 (D. Ariz. 2019) ("The rule set forth in *Libhart* has been repeatedly cited with approval, including in

cases where a plaintiff voluntarily amended the complaint after arriving in federal court.).

Accordingly, because there was neither diversity jurisdiction nor federal question jurisdiction at the time of removal, the Court lacks subject matter jurisdiction over this action.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**.  This action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.

IT IS SO ORDERED.